# DEASEY MAHONEY VALENTINI ... NORTH LTD

FRANCIS J. DEASEY
HARRY G. MAHONEY
GERALD J. VALENTINI‡
JANE A. NORTH†
HENRI MARCEL†
CARLA P. MARESCA†
JOHN P. MORGENSTERN†

WARD A. RIVERS†
CHRISTOPHER C. NEGRETE
STEPHEN J. PARISI†
CHRISTOPHER C. MAVROS†
THOMAS C. GALLAGHER†
ANDREW B. ADAIR
SHERYL L. BROWN†
MATTHEW J. JUNK†
OBINNA I. ABARA†
ATHENA O. PAPPAS†
KEVIN M. DURKAN†
RUFUS A. JENNINGS◊
PETER R. KULP†
KATHERINE J. SULLIVAN†
CHRISTINE D. STEERE†
STACEYANN M. SAUNDERS†
MILES P. DUMACK
MEGHAN F. HENRY†

SUITE 3400
1601 MARKET STREET
PHILADELPHIA, PA 19103-2301
215-587-9400
FACSIMILE: 215-587-9456

DIRECT EMAIL: RJENNINGS@DMVNLAW.COM
VOICE-MAIL EXTENSION #178

NEW JERSEY OFFICE
80 TANNER STREET
HADDONFIELD, NJ 08033-2419
856-429-0331
FACSIMILE: 856-429-0342

MEDIA OFFICE
SUITE 101
103 CHESLEY DRIVE
MEDIA, PA 19063
610-891-2732
FACSIMILE: 610-891-2926

OF COUNSEL

FRANK C. BENDER
MICHAEL P. KAUSCH†

† ALSO MEMBER NJ BAR
‡ ALSO MEMBER CA BAR
◊ ALSO MEMBER NY BAR

November 7, 2011

Via facsimile (267) 299-5067

Honorable Juan R. Sanchez
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
James A. Byrne United States Courthouse
Independence Mall West
Philadelphia, Pennsylvania 19106-1797

Re: *Vanessa Cruz-Smith v. Borough of Nazareth*
E.D. Pa. No. 5:10-cv-03609-JS
Our File No. 701.23794

Dear Judge Sanchez:

On October 31, 2011, Your Honor entered an Order compelling Plaintiff to respond to Defendant's written discovery requests by November 7, 2011, and to appear for a deposition by November 14, 2011. Pursuant to that Order, "Failure to comply with this Order may result in dismissal of this action with prejudice for failure to prosecute."

As noted in my letter of November 7, 2011, Plaintiff still has failed to respond to Defendants' First Set of Interrogatories and First Request for Production of Documents. Nonetheless, pursuant to Your Honor's Order, Plaintiff deposition was scheduled for November 14, 2011, beginning at 10:00 a.m. This date was confirmed with Plaintiff's counsel via email on November 3, 2011. In that email, a copy of which is enclosed herewith, Plaintiff's counsel's office indicated that "At this point we have not received a response from her related to Interrogatories/Production of Documents."

On November 11, 2011, I sent an email to Plaintiff's counsel requesting confirmation as to whether Plaintiff would be appearing at her deposition on November 14, 2011. In an emailed response, a copy of which is enclosed herewith, Plaintiff's counsel stated, "I have no idea - she has not responded to me after numerous attempts. She (sic) notices were sent, letters regarding discovery time and time again, no response." Plaintiff's counsel also indicated that, as a result of Plaintiff's failure to communicate with him, he would not be travelling from Harrisburg to Philadelphia for the deposition.

Honorable Juan R. Sanchez
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
*Vanessa Cruz-Smith v. Borough of Nazareth*
E.D. Pa. No. 5:10-cv-03609-JS
November 14, 2011
Page 2

On November 14, 2011, I was prepared to conduct the deposition of Plaintiff, and had secured a stenographer and videographer for that deposition. However, Plaintiff failed to appear for that deposition, in contempt of the Court's October 31, 2011, Order.

Pursuant to the Federal Rules of Civil Procedure:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead, or in addition to these sanctions, the court must require the party failing to act, the attorney advising the party failing to act, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(d)(3). The sanctions available to the Court include, "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Based upon Plaintiff's ongoing course of dilatory conduct, dismissal with prejudice is the only appropriate sanction.

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3rd Cir. 1984), the Third Circuit set forth the factors to be considered by the trial court when determining whether dismissal is appropriate for failure to comply with discovery obligations. Those factors are:

> (1) the extent of the *party's personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Briscoe v. Klaus*, 538 F.3d 252, 258 (3rd Cir. 2008), *quoting Poulis*, at 868 (*emphasis in original*). "[N]ot all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3rd Cir. 1992). In this case, all of these factors clearly dictate that dismissal with prejudice would be the only effective sanction against Plaintiff.

Initially, as Plaintiff clearly is acting outside the advice provided by counsel, she bears full responsibility for her refusal to appear for her deposition. In *Banks v. Cohen*, 1991 U.S. Dist. LEXIS 9763 (E.D. Pa. July 6, 1991), the court was faced with a similar situation, in which the defendant refused to follow the advice of his counsel and repeatedly ignored the Court's orders. Under such circumstances, the court found that the defendant was the party responsible for the failure to comply with the court's orders. As Plaintiff's counsel has made numerous attempts to secure his client's compliance with discovery obligations, the burden for her failure to comply lies with Plaintiff.

Honorable Juan R. Sanchez
UNITED STATES DISTRICT COURT
 EASTERN DISTRICT OF PENNSYLVANIA
*Vanessa Cruz-Smith v. Borough of Nazareth*
E.D. Pa. No. 5:10-cv-03609-JS
November 14, 2011
Page 3

Second, the inability to obtain the deposition testimony of Plaintiff in a civil rights case irreparably prejudices Defendants, as Defendants would be unable to prepare this matter for dispositive motions or for trial. In analyzing sanctions under *Poulis*, "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Roadie Press, Inc.*, 322 F.3d 218, 222 (3rd Cir. 2003). In *Hicks v. Feeney*, 850 F.2d 152, 156 (3rd Cir. 1998), the Third Circuit acknowledged that deprivation of the opportunity to depose a plaintiff constitutes significant prejudice to a defendant. The court held:

> [The Defendant] has a right to establish the facts concerning [the plaintiff's] treatment at [the hospital] and the events surrounding his confinement there. Although we sympathize with [the plaintiff's] reluctance to recount the facts surrounding his incarceration at [the hospital], he is the plaintiff and as such must prove his case, as well as give the defendant an opportunity to prepare against it.

*Id.* at 156. In this case, Defendants have been deprived of all discovery from Plaintiff. Without the benefit of any discovery, Defendants are unfairly prejudiced.

Third, as Plaintiff has failed to comply with an Order of Court compelling her to provide discovery responses and to appear for a deposition, at the explicit threat of dismissal, Plaintiff's history of dilatoriness is clear. It also must be noted that it was this precise conduct – ignoring notices to appear in court – that resulted in Plaintiff's termination by the Nazareth Police Department.

Fourth, as Plaintiff simply has refused to appear, it must be assumed that such refusal is willful. *See e.g., Tague v. Doctor's Assistance Corporation*, 2008 U.S. Dist. LEXIS 71901, **8-9 (E.D. Pa. September 18, 2008) (holding that where a party was aware of an obligation and failed to comply, willfulness can be presumed). Here, Plaintiff counsel has advised that he sent numerous notices to Plaintiff. As such, her failure to respond to those notices must be considered willful.

Fifth, as the Court has given Plaintiff every possible opportunity to comply with her discovery obligations, and as Plaintiff has chosen to ignore the Court's directives and the advice of the counsel, it is clear that any sanction short of dismissal would be ineffective.

Finally, Plaintiff has failed to demonstrate that there is any merit to her claim. Plaintiff has refused to answer any discovery or provide any factual basis for her claims. In addition, Plaintiff already has arbitrated her termination. In that arbitration, it was determined that Plaintiff violated policy in failing to appear for a court hearing. The arbitrator determined that Plaintiff should be subject to a thirty (30) day unpaid suspension as a result of her conduct. At no time during that process did Plaintiff bring up any allegations of race, gender, or national origin discrimination.

Honorable Juan R. Sanchez
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
*Vanessa Cruz-Smith v. Borough of Nazareth*
E.D. Pa. No. 5:10-cv-03609-JS
November 14, 2011
Page 4

  In light of the above factors, Defendants respectfully request that Your Honor enter an Order dismissing Plaintiff's claims with prejudice for failure to prosecute.

  In addition, pursuant to FED. R. CIV. P. 37(b)(2)(C), it is requested that the Court enter an award of attorneys' fees and costs against Plaintiff to reimburse Defendants for the costs and fees associated with: 1) preparing for Plaintiff's deposition; 2) preparing this motion; and 3) payment for the stenographer and videographer's fees. Pursuant to FED. R. CIV. P. 37(b)(2)(C), Plaintiff bears the burden of showing substantial justification for her failure to comply with the Court's Order. As she cannot do so, the imposition of monetary sanctions is mandatory, and not discretionary. *See e.g. Adhiparasakthi Charitable, Medical, Educational, and Cultural Society of North America v. Township of West Pikeland*, 2010 U.S. Dist. LEXIS 25542, *15-16 (E.D. Pa. March 17, 2010).

  Thank you for your consideration of this matter.

          Respectfully yours,

          DEASEY, MAHONEY, VALENTINI & NORTH, LTD.

          By: _____
          Carla P. Maresca, Esquire
          Rufus A. Jennings, Esquire

/st

Enclosures

cc:  Don Bailey, Esquire – *via email (adriennemamma6@aol.com)* – with enclosures
   Al Pierce, Esquire – *via facsimile – (610) 659-5892* – with enclosures
   Chief Michael Sinclair – *via first-class mail* – with enclosures

# Rufus Jennings

From: Adrienne Bailey [adriennemamma6@aol.com]

Sent: Thursday, November 03, 2011 3:02 PM

To: Rufus Jennings

Mr. Bailey is available on November 14, 2011; however if the plaintiff does not respond to Attorney Bailey's letter he would not be able to attend without his client. At this point we have not received a response from her related to Interrogatories/Production of Documents.

Adrienne Bailey
LAW OFFICE OF DON BAILEY ESQUIRE
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500
(717) 221-9400 Fax
AdrienneMamma6@aol.com

11/14/2011

**Rufus Jennings**

**From:** Adrienne Bailey [adriennemamma6@aol.com]
**Sent:** Friday, November 11, 2011 8:30 AM
**To:** Rufus Jennings; don@donbaileylaw.com
**Subject:** Re: Cruz-Smith v. Borough of Nazareth (701.23794)

I have no idea - she has not responded to me after numerous attempts. She notices were sent, letters regarding discovery time and time again, no response. I will not be attending on Monday due to the fact she hasn't contacted my office.
Don Bailey

Adrienne Bailey
LAW OFFICE OF DON BAILEY ESQUIRE
4311 N. 6th Street
Harrisburg, PA 17110
(717) 221-9500
(717) 221-9400 Fax
AdrienneMamma6@aol.com


-----Original Message-----
From: Rufus Jennings <RJennings@dmvnlaw.com>
To: 'Adrienne Bailey' <adriennemamma6@aol.com>
Sent: Fri, Nov 11, 2011 8:19 am
Subject: Cruz-Smith v. Borough of Nazareth (701.23794)

Mr. Bailey,

Despite her failure to provide answers to written discovery, in light of the Court's October 31, 2011, Order, I will need to proceed with Ms. Cruz-Smith's deposition on Monday, November 14, 2011, beginning at 10:00 a.m. As you can expect, I will reserve the right to continue that deposition into a subsequent day in order to complete questions regarding the answers to written discovery, once they are received. Please confirm whether or not Ms. Cruz-Smith will be appearing at the deposition.

Sincerely,
Rufus



Rufus A. Jennings, Esquire
DEASEY, MAHONEY, VALENTINI & NORTH
1601 Market Street, Suite 3400
Philadelphia, PA 19103
Phone: (215) 587-9400
Fax: (215) 587-9456
Email: RAJennings@dmvnlaw.com


11/14/2011