IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA CRUZ-SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-3609 |
| | : | |
| MICHAEL SINCLAIR, et al. | : | |

## **ORDER**

AND NOW, this 12th day of December, 2011, it is ORDERED Defendants' November 14,

2011, letter motion to dismiss the above-captioned civil action with prejudice for failure to prosecute

(Document 30) is GRANTED.  This case is DISMISSED with prejudice pursuant to Federal Rules

of Civil Procedure 37 and 41.[1]

_____

[1] Defendants ask this Court to dismiss this action with prejudice for failure to prosecute based on Plaintiff Vanessa Cruz-Smith's failure to respond to written discovery requests or to appear for her deposition, in violation of this Court's Order requiring her to do so.  Upon consideration of the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the motion is granted.

Cruz-Smith filed this employment discrimination action in July 2010, and Defendants thereafter moved to dismiss the Complaint.  In August 2011, this Court granted in part and denied in part the motion, permitting Cruz-Smith to proceed with her discrimination and hostile work environment claims against the Borough of Nazareth pursuant to Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act, and her 42 U.S.C. § 1983 equal protection claim against Michael Sinclair, and dismissing the remaining claims.  Following a telephonic Rule 16 conference on September 30, 2011, this Court entered an Order setting a discovery deadline of November 29, 2011.  On October 27, 2011, defense counsel requested a teleconference with the Court regarding Cruz-Smith's failure to respond to interrogatories and requests for production served on her counsel on September 9, 2011.  A teleconference was held on October 31, 2011, during which Cruz-Smith's counsel advised the Court his client was not responding to his efforts to contact her about the case.  Following the call, this Court entered an Order directing Cruz-Smith to respond to the written discovery by November 7, 2011, and to appear for a deposition by November 14, 2011.  The Order advised failure to comply may result in dismissal of the action with prejudice for failure to prosecute.  Notwithstanding the Court's Order, Cruz-Smith did not respond to the outstanding written discovery or appear for her scheduled deposition on November 14, 2011, and apparently did not respond to her attorney's numerous efforts to contact her about these matters.  *See* emails attached to Defs.' Nov. 14, 2011, Letter Mot.  When Cruz-Smith failed to appear, Defendants filed the instant letter motion.  On November 15, 2011, this Court issued a further Order directing Cruz-Smith to show cause in writing by December 2, 2011, why Defendants' letter motion to dismiss should not be granted, and directing her counsel to serve copies of the Order and letter motion on

Cruz-Smith. The Order again advised that failure to comply may result in dismissal of the action with prejudice for failure to prosecute. To date, Cruz-Smith has not responded to the show cause Order.

Federal Rule of Civil Procedure 37 permits a court to sanction a party for failing to obey an order to provide or permit discovery, failing to appear for a properly noticed deposition, or failing to respond to properly served interrogatories, including entering an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A), (d)(3). Similarly, Rule 41 permits dismissal of an action "[i]f the plaintiff fails to comply with the[] [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Before dismissing a case under either Rule, a court must consider the following factors:

> (1) the extent of the *party*'s personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868. In balancing these factors, no single factor is dispositive, and "not all of the . . . factors need be satisfied in order to dismiss a complaint." *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (internal citations and quotation marks omitted).

Upon consideration of the *Poulis* factors, this Court finds dismissal is warranted in this case. First, having declined to respond to her counsel's numerous inquiries regarding the discovery in this case, Cruz-Smith bears personal responsibility for her failure to comply with her discovery obligations. Cruz-Smith also declined to provide any explanation for her noncompliance in response to this Court's show cause Order, which her counsel was directed to serve on her well in advance of the December 2, 2011, response date. Second, Cruz-Smith's failure to participate in the discovery process has prejudiced Defendants, who have been unable to obtain discovery necessary to defend the case and who have been forced to seek the Court's intervention in the discovery process. *See id.* at 259 (noting prejudice "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy" (internal quotation marks and citation omitted)). Third, although Cruz-Smith does not have a long history of dilatoriness, she has exhibited a consistent pattern of dilatoriness in the past several months by failing to timely respond to Defendants' written discovery requests, failing to comply with this Court's Order compelling discovery responses and deposition testimony, and not responding to this Court's show cause order. *See Hall v. Holman*, 265 F. App'x 135, 136-37 (3d Cir. 2008) (holding a pro se plaintiff's failure to respond to written discovery, failure to appear for deposition, failure to appear at a discovery conference, and failure to comply with an order relating to his *in forma pauperis* status constituted a history of dilatoriness). Fourth, given Cruz-Smith's failure to respond to her attorney's numerous attempts to contact her about her discovery obligations, as well as her failure to offer any explanation when given the opportunity to do so, this Court concludes Cruz-Smith's failure to comply with her obligations is willful. The Court notes its Order compelling discovery responses and Order to show cause both

It is further ORDERED Defendants' request for an award of attorneys' fees is DENIED.[2]

The Clerk of Court is directed to mark this case CLOSED.

BY THE COURT:

_____/s/ Juan R. Sánchez_____
Juan R. Sánchez, J.

---

warned Cruz-Smith that failure to comply may result in dismissal of this action with prejudice for failure to prosecute. Fifth, as to the effectiveness of alternative sanctions, warnings are clearly ineffective, as this Court's warnings regarding the possibility of dismissal have gone unheeded. Moreover, through her failure to communicate with her own counsel as well as with the Court, Cruz-Smith has indicated she no longer wishes to pursue this case. It makes no sense to impose a monetary sanction on Cruz-Smith to force her participation in a litigation she has seemingly chosen not to pursue. While the sixth *Poulis* factor—the meritoriousness of the claims—does not weigh in favor of dismissal, as Cruz-Smith's remaining claims withstood the Defendants' motion to dismiss, dismissal is nevertheless warranted based on the other five factors. *See Huertas v. U.S. Dep't of Educ.*, 408 F. App'x 639, 641 (3d Cir. 2010) (upholding dismissal for failure to prosecute notwithstanding potential merit of plaintiff's claims where other *Poulis* factors weighed in favor of dismissal); *Shipman v. Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (affirming dismissal for failure to prosecute without even considering the *Poulis* factors where the plaintiff failed to respond to written discovery or to appear for a rescheduled deposition, failed to respond to the defendant's motion to dismiss for failure to prosecute, and offered no explanation for his inaction in response to the court's show cause order). Accordingly, Defendants' letter motion to dismiss is granted.

[2] In addition to dismissal, Defendants seek an award of attorneys' fees and costs pursuant to Rule 37(d)(3) to compensate them for preparing for Cruz-Smith's deposition and preparing the instant motion, and to reimburse them for the stenographer and videographer fees associated with the deposition at which Cruz-Smith failed to appear. As set forth herein, this Court has granted the more drastic sanction of dismissal of this action with prejudice. Moreover, it appears from the emails attached to Defendants' letter motion that Defendants were aware in advance of Cruz-Smith's scheduled deposition that the deposition would not go forward, having received notification from Cruz-Smith's counsel that he would not be attending the deposition because Cruz-Smith still had not contacted his office. In these circumstances, an award of expenses on top of the sanction of dismissal would be unjust; therefore, Defendants' request for such an award is denied. Fed. R. Civ. P. 37(d)(3) (providing expenses for failing to appear for deposition need not be awarded where "other circumstances make an award of expenses unjust").